UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KENNETH ANDREW DEMPSEY, | ) | |
|---|---|---|
| | ) | Case No. 1:16-CV-328 |
| *Appellant/Cross-Appellee*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| FLORIDA DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| *Appellee/Cross-Appellant*. | ) | |

**MEMORANDUM OPINION**

Before the Court are cross-appeals filed by Debtor-Appellant Kenneth Andrew Dempsey and Creditor-Appellee the Florida Department of Revenue (the "Department"). (Doc. 1, at 1–2, 5–6.) Dempsey and the Department both appeal the bankruptcy court's order dated June 6, 2016, in which the bankruptcy court denied Dempsey's motion for contempt, but found that language in Dempsey's confirmed Chapter 13 plan foreclosed the Department's ability to collect child support arrearages outside of the payment terms specified in Dempsey's Chapter 13 plan. (Doc. 1, at 3–4.) For the reasons stated hereafter, the Court concludes that the bankruptcy court did not err, and its rulings will be **AFFIRMED**.

I. STANDARD OF REVIEW

In an appeal from a bankruptcy court, the Court must uphold the findings of fact made by the bankruptcy court unless such findings are clearly erroneous. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004). The Court reviews *de novo* the bankruptcy court's conclusions of law. *Id*. The Court has the authority to affirm, modify, or reverse a judgment or order of the bankruptcy

court and may remand the case to the bankruptcy court for further proceedings. Fed. R. Bankr. P. 8013.

## II. FACTS AND PROCEDURAL HISTORY

As referenced in the bankruptcy court's order dated June 6, 2016, the facts underlying this cross-appeal are largely undisputed. On May 16, 2014, the bankruptcy court confirmed Dempsey's Chapter 13 plan, which provides for payment in full of his child support arrearage. The confirmed Chapter 13 plan specifically provides: "Miami Dade Child Support – Arrearage Child Support to be paid in full inside the plan." (Doc. 1-1, at 68.)

On or around March 30, 2015, the Department issued a wage withholding order to Dempsey's employer in connection with his child support arrearage, which resulted in his employer withholding wages from his paycheck on multiple occasions. It is undisputed that the Department was aware of Dempsey's bankruptcy case and the bankruptcy court's Chapter 13 confirmation order when it issued the wage withholding order to Dempsey's employer.

On May 9, 2016, Dempsey filed a motion for contempt, arguing that, by issuing its wage withholding order, the Department violated the bankruptcy court's confirmation order specifying that Dempsey's child support arrearage would be paid in full "inside the plan." (Doc. 1-1, at 72.) Dempsey filed an amended motion for contempt on May 25, 2016. (Doc. 1-2, at 1–10.)

On June 6, 2016, the bankruptcy court issued an order denying Dempsey's motion for contempt. In its order, the bankruptcy court ruled that, although the confirmation order "require[d] the Department to discontinue all collection activity outside the plan once the plan is confirmed, . . . the plan was not sufficiently clear and definite in this requirement to provide a basis for a finding of contempt." (Doc. 1, at 4.) The bankruptcy court did, however, order the Department to: (1) terminate its income withholding order; (2) refund to Dempsey any amounts

2

received and not yet disbursed; and (3) amend its proof of claim to reduce its amount by all sums received from Dempsey's employer after confirmation and not refunded. (*Id*.)

On June 20, 2016, Dempsey filed a notice of appeal regarding the bankruptcy court's order denying his motion for contempt. (Doc. 1, at 1–2.) On July 1, 2016, the Department filed a notice of cross-appeal. (*Id*. at 5–6.) The cross-appeals are now ripe for the Court's review.

**III.   ANALYSIS**

The central issue in this cross-appeal is whether the Department is permitted to pursue collection of Dempsey's child support arrearages outside the terms of his confirmed Chapter 13 plan. The Department argues that the bankruptcy court incorrectly found it was not permitted to seek such payments in contravention of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (the "BAPCPA"). Dempsey agrees with the bankruptcy court's determination that the Department is not permitted to seek such payments, but argues that the bankruptcy court erred when it did not hold the Department in contempt for seeking collection of Dempsey's child support arrearages after the bankruptcy court's confirmation of his Chapter 13 plan.

The Court finds *In re Gonzalez*, 832 F.3d 1251 (11th Cir. 2016), a case with almost identical facts, instructive in resolving both parties' arguments on appeal. In *Gonzalez*, the Department issued a withholding order to a debtor's employer for payment of the debtor's domestic support obligation after the bankruptcy court confirmed the debtor's Chapter 13 plan. As in this case, the debtor's confirmed Chapter 13 plan provided for full payment of the domestic support obligation arrearages. *Id*. at 1252. After the Department attempted to intercept a payment from the employer pursuant to the withholding order, the bankruptcy court found the Department in contempt for violating its confirmation order. *Id*. The Department subsequently

appealed the bankruptcy court's contempt order, arguing that changes Congress made to the Bankruptcy Code through the BAPCPA allowed it to seek collection of the debtor's domestic support obligation arrearages outside the terms of the debtor's confirmed Chapter 13 plan.[1] The United States Court of Appeals for the Eleventh Circuit disagreed and affirmed the bankruptcy court's contempt order, holding that Congress's changes to the Bankruptcy Code under the BAPCPA did not operate to allow the Department to seek collection of domestic support obligations outside the terms of the debtor's post-confirmation plan.

As the basis for its current appeal, the Department argues it is permitted to seek collection of Dempsey's child support arrearages despite the bankruptcy court's confirmation order, advancing the same arguments it presented to the Eleventh Circuit in *Gonzalez*. The Court finds the Eleventh Circuit's analysis in *Gonzalez* persuasive and, for the same reasons articulated by the Eleventh Circuit, finds that the Department is precluded from pursuing collection of Dempsey's child support arrearages outside the parameters of his confirmed Chapter 13 plan. Accordingly, the Court concludes that the bankruptcy court did not err in enjoining the Department from continuing to pursue collection of Dempsey's child support arrearages outside the terms of his Chapter 13 plan.[2]

With regard to Dempsey's appeal of his motion for contempt, the Court finds no reason to disturb the bankruptcy court's decision. A bankruptcy court's decision to deny a motion for

---

[1] Specifically, the Department argues that, under the BAPCPA, the exception to the automatic stay for domestic support obligation creditors under 11 U.S.C. § 362(b)(2) operates to permit domestic support obligation creditors to seek payment for arrearages post-confirmation without regard to 11 U.S.C. § 1327(a), which provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan."

[2] Having adopted the reasoning set forth in *Gonzalez* and concluded that the post-BAPCPA Bankruptcy Code does not allow a domestic support obligation creditor to continue collection efforts post-confirmation, the Court need not address the Department's argument that the bankruptcy court's order fails to satisfy the requirements necessary to enjoin collection efforts permitted as an exception to the automatic stay under 11 U.S.C. § 362(b)(2).

4

contempt is reviewed for an abuse of discretion, "mindful that a court must exercise its power to levy sanctions with 'restraint and discretion.'" *In re Rajotte*, 81 F. App'x 29, 35 (6th Cir. 2003) (quoting *In re Downs*, 103 F.3d 472, 478 (6th Cir. 1996)). The Court should overturn "a bankruptcy court's decision if [it has] a 'definite and firm conviction' that the court committed 'a clear error of judgment.'" *Id*. (quoting *In re Kisserberth*, 273 F.3d 714, 721 (6th Cir. 2001)).

In this case, the Court does not have a definite and firm conviction that the bankruptcy court committed a clear error in judgment in denying Dempsey's motion for contempt. Dempsey is correct that the confirmed Chapter 13 plan provides that "Miami Dade Child Support – Arrearage Child Support to be paid in full inside the plan." (Doc. 1-1, at 68.) At the time the bankruptcy court confirmed the plan, however, there remained some question as to whether a domestic support obligation creditor could continue to pursue collection of arrearages post-confirmation. *Compare In re McGrahan*, 459 B.R. 869 (B.A.P 1st Cir. 2011), *with In re Gellington*, 363 B.R. 497 (Bankr. N.D. Tex. 2007). And, although the Court ultimately agrees with the reasoning set forth in *Gonzalez*, the Eleventh Circuit did not issue its opinion until August 11, 2016—more than two months after the bankruptcy court issued its order denying Dempsey's motion for contempt. Under these circumstances, the Court agrees with the bankruptcy court's finding that, although the confirmation order "require[d] the Department to discontinue all collection activity outside the plan once the plan is confirmed, . . . the plan was not sufficiently clear and definite in this requirement to provide a basis for a finding of contempt." Accordingly, the Court finds that the bankruptcy court did not err in denying Dempsey's motion for contempt.[3]

---

[3] The Court has adopted and relied on the reasoning set forth in *Gonzalez* in determining that the Department is not permitted to pursue collection of Dempsey's child support arrearages outside the terms of his Chapter 13 plan. The Court is cognizant of the fact that, in *Gonzalez*, the

5

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that the bankruptcy court did not err, and its rulings are hereby **AFFIRMED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**

---

Eleventh Circuit affirmed the underlying bankruptcy court's grant of a debtor's motion for contempt against the Department in connection with its post-confirmation collection efforts. In this case, however, the Court finds no abuse of discretion with respect to the bankruptcy court's denial of Dempsey's motion for contempt based on the Department's post-confirmation collection efforts. Such a finding is not inconsistent with *Gonzalez* given the differing procedural postures of these two actions, the relatively uncertain state of the law on the issue of post-confirmation collection of domestic support obligation arrearages, and the highly deferential abuse of discretion standard of review.